Matter of "No Given Name" D. (Melissa L.D.) (2018 NY Slip Op 07121)





Matter of "No Given Name" D. (Melissa L.D.)


2018 NY Slip Op 07121


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-01037
 (Docket No. B-5057-16)

[*1]In the Matter of "No Given Name" D. (Anonymous), also known as Lylah D. (Anonymous), also known as Lylah D.M. (Anonymous). New York Foundling Hospital, respondent; Melissa L.D. (Anonymous), also known as Melissa D. (Anonymous), appellant.


Anthony DeGuerre, Staten Island, NY, for appellant.
Daniel Gartenstein, Long Island City, NY, for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Arnold J. Lim, J.), dated December 12, 2017. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner and the New York City Administration for Children's Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights to the subject child on the ground, inter alia, of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the New York City Administration for Children's Services for the purpose of adoption. The mother appeals.
To establish that a parent has permanently neglected a child, an agency must establish by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4][d]; [7][a]).
The threshold inquiry in a proceeding to terminate parental rights is whether the [*2]agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 380-381). Diligent efforts are "reasonable attempts by an authorized agency to assist, develop and encourage a meaningful relationship between the parent and child" (Social Services Law § 384-b[7][f]).
Here, the petitioner was excused from its obligation to demonstrate diligent efforts since the Family Court previously determined, pursuant to Family Court Act § 1039-b, "that reasonable efforts to make it possible for the child to return safely to [the child's] home [were] not required" (Social Services Law § 384-b[7][a]). Contrary to the mother's contention, the petitioner established by clear and convincing evidence that the mother failed to adequately plan for the child's future by failing to complete a mental illness and controlled-substance abuse program and to consistently participate in psychotherapy. "The mother's partial compliance with the service plan was insufficient to preclude a finding of permanent neglect" (Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 544; see Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828, 829; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022). Accordingly, we agree with the Family Court's determination that the mother permanently neglected the child.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court